## IN RE FORECLOSURE OF KITCHENS
[113 N.C. App. 175 (1993)]

other, (5) has recently completed bankruptcy proceedings, and (6) has substantial medical problems, including a recent brain tumor. The court ordered restitution of approximately $208,899.00, payable over a five year probationary period, necessitating payments of over $3,000.00 a month in order to comply with this condition. As in *Smith*, common sense dictates that this defendant will be unable to pay this amount. The trial court failed to heed the language of G.S. § 15A-1343(d) which provides that "the court may order partial restitution or reparation when it appears that the damage or loss caused by the offense or offenses is greater than that which the defendant is able to pay." While we applaud efforts to alleviate the harm done to crime victims, we hold that the trial court erred in conditioning probation on an amount of restitution the defendant clearly cannot pay. On remand, the trial court is to reconsider what amount, if any, defendant should be required to pay as restitution.

Accordingly, the judgment is

Vacated in part and remanded.

Judges WELLS and EAGLES concur.

———————————

IN THE MATTER OF: FORECLOSURE OF THE DEED OF TRUST EXECUTED BY ALYCE B. KITCHENS, TRUSTOR IN DEED OF TRUST SECURING AN INDEBTEDNESS IN THE ORIGINAL PRINCIPAL AMOUNT OF $24,715.54, DATED DECEMBER 7, 1990 AND RECORDED IN BOOK 293, PAGE 113, PITT COUNTY REGISTRY

No. 923SC963

(Filed 21 December 1993)

**Mortgages and Deeds of Trust § 87 (NCI4th) — foreclosure — note given to avoid embezzlement prosecution — criminal proceedings instituted — no consideration**

The trial court properly disallowed a foreclosure based upon findings that there was no valid debt and no default where the record supports findings that the notes and deed of trust were given to petitioner by Ms. Kitchens based upon the understanding and for the specific consideration that no

criminal proceedings would be instituted against her by virtue of her embezzlement, criminal proceedings were subsequently instituted, and restitution was made to petitioner. N.C.G.S. § 45-21.16.

**Am Jur 2d, Mortgages § 696.**

Appeal by petitioner from order entered 15 May 1992 by Judge Quentin T. Sumner in Pitt County Superior Court. Heard in the Court of Appeals 14 September 1993.

*Ward and Smith, P. A., by Ryal W. Tayloe and Andrew H. D. Wilson, for petitioner-appellant.*

*Gaylord, Singleton, McNally, Strickland & Snyder, by Vernon G. Snyder III, for respondent-appellee.*

JOHNSON, Judge.

On 2 March 1992, J. Graham Clark, III, substituted trustee for a deed of trust executed by Alyce B. Kitchens, instituted foreclosure proceedings under the power of sale clause in the deed of trust by filing a notice of hearing as to the commencement of foreclosure proceedings with the Pitt County Clerk of Court in accordance with North Carolina General Statutes § 45-21.16 (1991). On 3 March 1992, notice of the hearing was properly served on Alyce B. Kitchens.

On 26 March 1992, the Assistant Clerk of the Superior Court of Pitt County entered an order disallowing the foreclosure. On 31 March 1992, petitioner Dr. George M. Klein, beneficiary under the deed of trust, was timely served with notice of the foreclosure hearing to be held in Pitt County Superior Court on 11 May 1992.

A hearing was held in this matter before Judge Quentin T. Sumner in Pitt County Superior Court on 11 May 1992. Judge Sumner rendered a decision in open court disallowing foreclosure based on his findings of fact and conclusions of law that (1) there was no valid debt, and (2) there was no default under the note and deed of trust. On 8 June 1992, petitioner timely filed notice of appeal to this Court.

The facts pertinent to this appeal are as follows: Sometime prior to 7 December 1990, Alyce B. Kitchens embezzled money from petitioner. In consideration of and in order to repay petitioner

## IN RE FORECLOSURE OF KITCHENS

[113 N.C. App. 175 (1993)]

for the amount embezzled, Ms. Kitchens voluntarily signed promissory notes and a deed of trust securing these notes on 7 December 1990. By the express terms of the notes, beginning on 1 January 1991, equal monthly installments of $100.00 were to be paid by the first day of each month directly to the office of petitioner. One monthly installment was made and petitioner notified the substitute trustee to institute foreclosure proceedings.

Petitioner contends that the trial court erred by entering an order disallowing foreclosure because the creditor has proven the four items necessary for a judge to allow a power of sale foreclosure. We disagree.

Under North Carolina General Statutes § 45-21.16, there are four issues before the clerk at a foreclosure hearing: the existence of a valid debt of which the party seeking to foreclose is the holder; the existence of default; the trustee's right to foreclose; and the sufficiency of notice to record owners of the hearing. *In re Foreclosure of Deed of Trust*, 55 N.C. App. 68, 284 S.E.2d 553 (1981), *disc. review denied*, 305 N.C. 300, 291 S.E.2d 149 (1982). Upon appeal from an order of the clerk disallowing the trustee to proceed with the sale, the judge is limited upon the hearing *de novo* to determining the four issues resolved by the clerk. *Id.*

Here, the judge made the following findings: that petitioner and Ms. Kitchens executed promissory notes and a deed of trust; that

> Alyce B. Kitchens executed the [notes and deed of trust] based upon the understanding and for the specific consideration that no criminal proceedings would be instituted against her by virtue of her embezzlement of certain funds during her employment with [petitioner]. That by virtue of the fact criminal proceedings subsequently were instituted against Alyce B. Kitchens, the [notes and deed of trust] were without consideration. That under and by virtue of her conviction under the aforesaid criminal proceedings, Alyce B. Kitchens has made court ordered payments of restitution to [petitioner] through the office of the Pitt County Clerk of Court in amounts in excess of those installment payments provided for under the aforesaid [notes and deed of trust].

We find the record supports the aforementioned findings. As such, we find the lower court was correct in finding (1) no valid debt

existed and (2) there was no default on the notes or deed of trust, thereby properly disallowing the foreclosure proceeding.

The decision of the trial court is affirmed.

Judges COZORT and McCRODDEN concur.