IN THE MATTER OF THE FORECLOSURE OF LAND COVERED BY A CERTAIN DEED OF TRUST GIVEN BY ODECHI BOAZ M. AAL-ANUBIAIMHOTEPOKOROHAMZ AND WIFE, NGOZI AAL-ANUBIAIMHOTEPOKOROHAMZ WHEREIN RONALD K. CAMPBELL WAS NAMED AS TRUSTEE AS RECORDED IN BOOK 4735, PAGE 18, WAKE COUNTY REGISTRY

No. COA95-329

(Filed 2 July 1996)

**Mortgages and Deeds of Trust § 61 (NCI4th)— failure of consideration—no valid debt—no foreclosure of deed of trust**

Where defendants executed a promissory note and a deed of trust with the understanding that photo processing equipment would be rightfully assigned to them, but authorization for the assignment was never obtained and defendants did not have possession of the equipment, competent evidence did not exist in the record to support the conclusion that a valid debt existed between the parties; therefore, plaintiffs did not have a right to proceed with foreclosure under the power of sale provision contained in the deed of trust.

**Am Jur 2d, Mortgages §§ 102, 1078, 1079.**

Appeal by defendants from order entered 26 October 1994 by Judge Hight in Wake County Superior Court. Heard in the Court of Appeals 10 January 1996.

IN RE FORECLOSURE OF AAL-ANUBIAIMHOTEPOKOROHAMZ

[123 N.C. App. 133 (1996)]

Plaintiffs William A. Smith and Kay C. Smith entered into a lease agreement with Orient U.S. Leasing Corporation providing for the lease of photo processing equipment 24 June 1989. The financing for this agreement was obtained from Orix Commercial Credit Corp. Pursuant to the terms of the lease agreement, the plaintiffs as lessees were prohibited from assigning the lease, or the equipment referenced therein, without the express written consent of the lessor, Orient U.S. Leasing Corporation.

Thereafter, the plaintiffs attempted to assign the photo processing equipment to the defendants, the Aal-Anubiaimhotepokorohamzs. Under the terms of the assignment agreement, the defendants as assignees, were to attempt to secure written permission for the assignment, and when such permission was obtained, the plaintiffs were to be released from any obligations under the master lease.

To secure the payments required pursuant to the attempted assignment, the defendants executed a promissory note and deed of trust in favor of the plaintiffs. Under the terms of the promissory note, payment was to be due and payable as agreed in the assignment agreement and was not to exceed an amount of fifty thousand three hundred and twenty-four dollars ($50,324.00). The deed of trust securing the debt, evidenced by the promissory note, was executed and filed in the office of the Wake County Register of Deeds. Defendants attempted to obtain an assignment of the photo processing equipment, but were informed that the assignment would not be approved. The defendants made four payments to the plaintiffs and then ceased making payments in April of 1991. By the express written terms of the promissory note and the deed of trust, such nonpayment constituted a default. The plaintiffs notified the defendants of the default and accelerated the debt.

After a hearing, the Clerk of Superior Court of Wake County authorized the Substitute Trustee to proceed with foreclosure of the deed of trust. The defendants appealed from this order of foreclosure to the Superior Court. At the close of the evidence and testimony in Superior Court, Judge Hight ordered that the Substitute Trustee proceed with the foreclosure of the deed of trust. Defendants appeal.

*Smith Debnam Hibbert & Pahl, L.L.P., by John W. Narron and Michael D. Zetts III, for plaintiff appellees.*

*The Law Offices of Thomas H. Stark, by A. Lee Hill, for defendant appellants.*

IN RE FORECLOSURE OF AAL-ANUBIAIMHOTEPOKOROHAMZ

[123 N.C. App. 133 (1996)]

ARNOLD, Chief Judge.

"We note at the outset that the applicable standard of review on appeal where, as here, the trial court sits without a jury, is whether competent evidence exists to support its findings of fact and whether the conclusions reached were proper in light of the findings." *Walker v. First Federal Savings and Loan*, 93 N.C. App. 528, 532, 378 S.E.2d 583, 585 (1989).

Defendants first argue that a valid debt does not exist because of a failure of consideration in the contractual transaction which gave rise to the execution of the deed of trust and the underlying promissory note. We agree and reverse the order of the trial court.

There are only four issues to be determined by the clerk at a foreclosure hearing: the existence of a valid debt of which the party seeking to foreclose is the holder; the existence of default; the trustee's right to foreclose, and the sufficiency of notice to the record owners of the hearing. N.C. Gen. Stat. § 45-21.16(d) (1991). "The clerk's findings are appealable to the Superior Court within ten days for a hearing *de novo*, but the court's authority is likewise limited." *In re Foreclosure of Deed of Trust*, 55 N.C. App. 68, 71, 284 S.E.2d 553, 555 (1981), *disc. review denied*, 305 N.C. 300, 291 S.E.2d 149 (1982).

This Court, in *In Re Foreclosure of Kitchens*, 113 N.C. App. 175, 177, 437 S.E.2d 511, 512 (1993), terminated a Trustee's right to foreclose under G.S. § 45-21.16(d) because no valid debt existed due to a failure of consideration in the transaction underlying the execution of a promissory note and deed of trust. Ms. Kitchens, the mortgagor, had embezzled money from the mortgagee and she agreed to execute certain promissory notes and securing deeds of trust based on the understanding that she would not be prosecuted for embezzlement. *Id.* at 176-177, 437 S.E.2d at 512. Subsequently, criminal proceedings were instituted against Ms. Kitchens. *Id.* at 177, 437 S.E.2d at 512. "That by virtue of the fact criminal proceedings subsequently were instituted against Alyce B. Kitchens, the [notes and deed of trust] were without consideration." *Id.* This Court agreed with the lower court's finding that these circumstances amounted to a failure of consideration and therefore no valid debt had been created. *Id.*, at 177-178, 437 S.E.2d at 512. "The mortgage's existence is based on the validity of the debt. If the debt terminates or is invalid, the mortgage is also invalid." Patrick K. Hetrick and James B. McLaughlin, Jr., *Webster's Real Estate Law In North Carolina*, § 13-4 (4th ed. 1994).

In the instant case, the defendants executed a promissory note and a deed of trust with the understanding that the photo processing equipment would be rightfully assigned to them. The defendants bargained for and contracted for the rights to the photo processing equipment, but authorization for the assignment was never obtained, nor do the defendants presently have possession of the equipment. Competent evidence does not exist in the record to support the conclusion that a valid debt exists between the parties. We find that there was a failure of consideration and that no valid debt was created between the parties. The plaintiffs, therefore, do not have the right to proceed with foreclosure under the power of sale provision contained in the deed of trust.

Because we find that plaintiffs do not have the right to foreclose on the deed of trust, we need not address defendants' other assignments of error. We reverse.

Reversed.

Judges LEWIS and WALKER concur.