IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST OF BLUE RIDGE HOLDINGS LIMITED PARTNERSHIP, A NORTH CAROLINA LIMITED PARTNERSHIP

No. COA97-1028

(Filed 19 May 1998)

**Mortgages and Deeds of Trust § 87 (NCI4th)— note under seal—presumption of consideration—valid debt—foreclosure of securing deed of trust**

> The borrower failed to rebut the presumption of consideration created by a note under seal so as to preclude foreclosure of a deed of trust securing the note on the ground that no valid debt existed between the borrower and the lender where the lender, pursuant to written instructions from the borrower, disbursed the loan funds by check payable to a third party and mailed directly to the third party; the third party acknowledged acceptance of the check in writing; the check was never endorsed by the third

**IN RE FORECLOSURE OF BLUE RIDGE HOLDINGS LTD. PART.**

[129 N.C. App. 534 (1998)]

party-payee but was endorsed by another entity; the proceeds were placed in the other entity's account and disappeared; and the borrower did not refute the delivery of the check to the payee or show any improper action by the lender.

Appeal by petitioner from order entered 13 May 1997 by Judge J. Marlene Hyatt in McDowell County Superior Court. Heard in the Court of Appeals 30 March 1998.

*Stephen R. Little, P.A., by Stephen R. Little, for petitioner-appellant.*

*Hunter & Evans, P.A., by W. Hill Evans, for respondent-appellee.*

MARTIN, Mark D., Judge.

Petitioner appeals from order of the trial court upholding the McDowell County Clerk of Court's dismissal of its action to foreclose on a deed of trust.

Petitioner, Quinter, Inc. (Quinter) agreed to loan $40,000 to Blue Ridge Holdings Limited Partnership (Blue Ridge) in June, 1992. The purpose of the loan was to pay a commitment fee for a $4 million loan that Blue Ridge was negotiating with American Specialty Insurance Company (American) of Atlanta, Georgia. On 18 June 1992 Blue Ridge executed and delivered the promissory note (note) to Quinter in the amount of $41,750. The note was secured by a deed of trust in real property owned by Blue Ridge in McDowell County, North Carolina.

In a letter dated 22 June 1992, the chief executive officer of Blue Ridge authorized Quinter to make the $40,000 loan check payable to American Specialty Insurance Company. Quinter issued the check payable directly to American and mailed it to their address. On 23 June 1992 Quinter sent a transmittal letter to American indicating the check was enclosed and requesting American execute and enclose a letter documenting its "approval to refund the commitment fee directly to Quinter, Inc., if the loan does not close." American complied with this instruction and included in the letter signature lines indicating acceptance of the terms by American and by Blue Ridge. Specifically, the letter indicated that $40,000 was being paid directly to American on behalf of Blue Ridge and that in the event the loan did not close American would repay the commitment fee directly to

**IN RE FORECLOSURE OF BLUE RIDGE HOLDINGS LTD. PART.**

[129 N.C. App. 534 (1998)]

Quinter. The letter further stated that "Blue Ridge Holdings Limited Partnership will have no interest whatsoever in such funds."

The check was never endorsed by American. It was, however, deposited at the Citizens & Southern National Bank of Atlanta, Georgia into an account for "American Contractor's Surety." During trial, Quinter indicated it had never heard of American Contractor's Surety. It is undisputed that Blue Ridge had not authorized the money to be sent or paid to them. The $4 million loan from American Specialty Insurance Company was never completed, and the $40,000 disappeared.

When Blue Ridge defaulted on its obligations under the note, Quinter issued the required notices to institute foreclosure under the deed of trust. At the hearing conducted in accordance with N.C. Gen. Stat. § 45-21.16, Blue Ridge appeared and contested the existence of a valid debt, one of the four requirements necessary for an order allowing the foreclosure to proceed. The Clerk of Court of McDowell County agreed and directed Quinter not to proceed with the foreclosure. Quinter appealed to the Superior Court, which subsequently affirmed the findings of the Clerk of Court and dismissed the case. Quinter appeals.

" 'We note at the outset that the applicable standard of review on appeal where, as here, the trial court sits without a jury, is whether competent evidence exists to support its findings of fact and whether the conclusions reached were proper in light of the findings.' " *In re Foreclosure of Aal-Anubiaimhotepokorohamz*, 123 N.C. App. 133, 135, 472 S.E.2d 369, 370, *disc. rev. denied*, 345 N.C. 179, 479 S.E.2d 203 (1996) (quoting *Walker v. First Federal Savings and Loan*, 93 N.C. App. 528, 532, 378 S.E.2d 583, 585 (1989)).

On appeal, Quinter contends the trial court erred in concluding foreclosure was precluded due to the absence of a valid debt under N.C. Gen. Stat. § 45-21.16.

Section 45-21.16(d) provides as follows:

The hearing provided by this section shall be held before the clerk of court in the county where the land . . . is situated. . . . Upon such hearing, the clerk shall consider the evidence of the parties and may consider, in addition to other forms of evidence required or permitted by law, affidavits and certified copies of documents. If the clerk finds the existence of (I) <u>valid debt of</u>

which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, and (iv) notice . . ., then the clerk shall authorize the mortgagee or trustee to proceed under the instrument, and the mortgagee or trustee can give notice of and conduct a sale pursuant to the provisions of this Article.

N.C. Gen. Stat. § 45-21.16(d) (1996) (emphasis added).

The trial court, adopting the findings of the clerk of court, found

7. Russell A. McNutt on behalf of [Blue Ridge] authorized Quinter, Inc. to make the check for the loan in sum of $40,000.00 payable to American Specialty Insurance Company. Quinter, Inc. took responsibility for delivering the check to American Specialty Insurance Company. It was mailed by U.S. Mail by the attorney for Quinter, Inc. to Mr. T.P. McGlon; American Specialty Insurance Company; Managing Director of Finance Committee; 9040 Roswell Road, Suite 180, Atlanta, Georgia 30350.

8. The check number 3287 from Quinter, Inc. was made payable to American Specialty Insurance Company in the sum of $40,000.00. The check was deposited into the account of [American Contractor's Surety]. The $40,000.00 of funds received from this check were misappropriated or stolen and have not been returned.

9. None of the funds from the $40,000.00 loan were delivered to Blue Ridge Holdings Limited Partnership and Blue Ridge Holdings Limited Partnership did not take any responsibility for the delivery of these funds to American Specialty Insurance Company.

THEREFORE, based on the foregoing findings of fact, the court concludes as a matter of law there is not a valid debt of which the party seeking to foreclose is the holder.

The trial court, in essence, concluded that the debt evidenced in the note and deed of trust was not supported by valid consideration, or that the consideration had failed, due to the disappearance of the loan funds. *See In re Foreclosure of Kitchens*, 113 N.C. App. 175, 177-178, 437 S.E.2d 511, 512 (1993) (failure of consideration as the basis for a finding of no valid debt under § 45-21.16(d)).

It is well settled that a loan is sufficient consideration to support the obligation of a promissory note, regardless of whether the funds

IN RE FORECLOSURE OF BLUE RIDGE HOLDINGS LTD. PART.

[129 N.C. App. 534 (1998)]

are advanced to the obligor or to a third person at the direction or request of the obligor. *See; e.g., Smith v. Allison*, 83 N.C. App. 232, 234, 349 S.E.2d 623, 624 (1986). Blue Ridge contends the present situation is distinguishable, however, "since the funds were not advanced as authorized and were never obtained by American Specialty Insurance Company."

It is undisputed that Blue Ridge, as maker of the note, gave specific written authorization and instruction to Quinter to disburse the loan funds by check payable to the third party, American Specialty Insurance. As the trial court indicated in its findings, Quinter mailed the check to T.P. McGlon, an officer of American Specialty Insurance Company. Quinter further introduced, without objection, a letter signed by T.P. McGlon on 29 June 1992 acknowledging acceptance of the check—the same day the back of the check was stamped by Citizens & Southern National Bank of Atlanta, Georgia.

A note under seal creates a rebuttable presumption of consideration. *Patterson v. Fuller*, 203 N.C. 788, 791, 167 S.E. 74, 75 (1933). Respondent never challenged the signature of T.P. McGlon, nor offered an explanation as to why or how the rubber stamp for a different entity appeared on the back of the check. Without evidence refuting the delivery of the check to American Specialty Insurance Company, or showing some improper action by Quinter, respondent has not met its burden of refuting the presumption of consideration. Accordingly, since there is not competent evidence to support the conclusion that a valid debt does not exist between the parties, the decision of the trial court is reversed and we remand with instructions to remand to the clerk of court to "authorize the mortgagee or trustee to proceed under the instrument" pursuant to section 45-21.16.

Reversed and remanded.

Judges MARTIN, John C., and SMITH concur.