IN RE: LINDA S. SCHIPHOF, WIDOWED FORECLOSURE OF DEED OF TRUST DATED NOVEMBER 29, 2000, RECORDED IN BOOK 0442, AT PAGE 1914, IN THE STOKES COUNTY REGISTRY BY BROCK & SCOTT, PLLC, SUBSTITUTE TRUSTEE; BRANCH BANKING AND TRUST COMPANY F/K/A FIRST FINANCIAL SAVINGS AND LOAN ASSOCIATION, INC., PETITIONER v. LINDA S. SCHIPHOF, CHRISTINA SCHIPHOF TURNER (NOW PRINE), CITIBANK SOUTH DAKOTA, N.A. AND WASHINGTON MUTUAL BANK, SUCCESSOR BY MERGER WITH PROVIDIAN NATIONAL BANK, RESPONDENTS

No. COA08-159

(Filed 16 September 2008)

**Mortgages and Deeds of Trust— surplus foreclosure proceeds—certificate of satisfaction—funds of mortgagors**

The trial court properly ruled that surplus foreclosure proceeds constituted general funds of the mortagors and should be paid to one mortgagor and to the other mortgagor's judgment creditors where the mortgagee bank mistakenly recorded a certificate of satisfaction of the deed of trust prior to the foreclosure sale and did not file a rescission of mistaken satisfaction until the day after the upset bid period ended. The surplus pro-

IN RE SCHIPHOF

[192 N.C. App. 696 (2008)]

ceeds did not retain the character of the foreclosed real property and the reinstated deed of trust did not attach to the surplus foreclosure proceeds.

Appeal by petitioner from judgment entered 3 December 2007 by Judge Richard W. Stone in Stokes County Superior Court. Heard in the Court of Appeals 27 August 2008.

*Alan B. Powell and Christopher C. Finan, for petitioner-appellant.*

*J. Tyrone Browder, for respondent-appellees Linda S. Schiphof and Christinia Schiphof Turner.*

*No brief filed for respondents Citibank South Dakota, N.A. or Washington Mutual Bank.*

TYSON, Judge.

Branch Banking and Trust Company f/k/a First Financial Savings and Loan Association, Inc. ("BB&T") appeals from judgment entered, which ordered surplus foreclosure proceeds to be distributed to Linda S. Schiphof's ("Schiphof") judgment lien creditors and to Christina Schiphof Turner ("Turner"). We affirm.

## I. Background

On 23 February 2007, BB&T filed a Petition for Surplus Proceeds of Foreclosure Sale and alleged it was entitled to all surplus proceeds derived from the foreclosure sale to Todd Leinback ("Leinback") of property owned by Schiphof and Turner. On 22 May 2007, Schiphof and Turner filed an Answer and Counterclaim and alleged that one-half the surplus proceeds should be distributed to the judgment lien creditors of Schiphof and one-half to Turner. On 30 July 2007, BB&T, Schiphof, and Turner stipulated to the facts as follows:

1. Brock & Scott, PLLC, as Substitute Trustee in place of Jerone C. Herring, Trustee, instituted foreclosure of [a] Deed of Trust from . . . Schiphof[] to [BB&T] . . . .

2. Pursuant to an Order of the Clerk of Superior Court for Stokes County, North Carolina, the real property described in the Deed of Trust was sold on July 28, 2006 and . . . Leinback became the last and highest bidder by virtue of an upset bid filed on October 12, 2006. The upset bid period expired on October 23,

2006. The Final Report and Account of Sale was filed with the Clerk of Superior Court on December 7, 2006. . . .

. . . .

4. . . . Schiphof and . . . Turner were the record owners of the Subject Real Property at the time of the sale conducted in connection with the Foreclosure.

5. The Subject Real Property was advertised for sale by the Substitute Trustee in the Foreclosure subject to any and all superior liens as set forth in the posted notice of sale and affidavit of publication. . . .

6. The Subject Real Property was in fact sold subject to any and all superior liens as set forth in the substitute trustee's deed recorded on November 26, 2006 . . ., conveying the Subject Real Property to . . . Leinback. . . .

7. In accordance with N.C. Gen. Stat. §45-21.31, the surplus proceeds of the sale, which totaled $42,837.61, were deposited in the Office of the Clerk of Superior Court for Stokes County, North Carolina, as surplus proceeds of the sale arising out of the Foreclosure identified above.

8. [BB&T] is the owner and holder of a note . . . and deed of trust dated April 4, 1985 from [Schiphof and her deceased husband], to J. Marshall Tetterton, Trustee, recorded on April 4, 1985 . . . .

9. The obligation evidenced by the BB&T Note has never been paid and fully satisfied. As of July 24, 2007, the amount due and owing to [BB&T] was $41,399.55, excluding attorneys' fees and additional interest and costs accruing thereon. The per diem interest accruing on the BB&T Note is $6.72 per day.

10. On August 17, 2006, [BB&T] recorded a certificate of satisfaction of the BB&T Deed of Trust in the Stokes County Public Registry . . . . The Mistaken Satisfaction was recorded in error. At no time did [BB&T] intend to cancel the BB&T Deed of Trust of record in Stokes County. . . .

11. Following [BB&T]'s discovery of its error in the recording of the Mistaken Cancellation in the Stokes County public land records, on October 24, 2006, [BB&T] filed a Rescission of the Mistaken Satisfaction in . . . the Stokes County Public Registry . . . .

12. A search of title to the Subject Real Property conducted on October 23, 2006 for the period from the date of the sale in the Foreclosure, July 28, 2006, through and including the last day of the upset bid period in the Foreclosure, October 23, 2006, would have indicated that the BB&T Deed of Trust had been cancelled of record in Stokes County on August 17, 2006 and, therefore, for the period from August 17, 2006 until October 23, 2006, would not have constituted a prior outstanding recorded lien against the same as of the last day of the upset bid period in the Foreclosure.

13. [Schiphof and Turner] are each one-half owners of the equity of redemption in the Subject Real Property following the Foreclosure by virtue of a certain deed recorded on October 16, 2002 . . . .

14. The one-half interest of . . . Schiphof in the equity of redemption in the Subject Real Property is encumbered by the following judgments . . .:

  a) Judgment in favor of Citibank SD against . . . Schiphof, in the amount of $6,668.33 plus interest and costs. Docketed 3/31/03 . . . .

  b) Judgment in favor of Providian National Bank against . . . Schiphof, in the amount of $4,011.61 plus interest and costs. Docketed 4/29/03 . . . .

  c) Judgment in favor of BB&T against . . . Schiphof in the amount of $13,513.80 plus interest and costs. Docketed 10/28/03 . . . .

  d) Judgment in favor of Citibank SD against . . . Schiphof in the amount of $4,483.54 plus interest and costs. Docketed 4/27/04 . . . .

15. All of the Judgments first became liens against [Schiphof]'s interest in the Subject Real Property after the recording of the BB&T Deed of Trust on April 4, 1985, after the recording of the deed of trust that was the subject of the Foreclosure and after the deed to [Schiphof and Turner], such deed being recorded on October 16, 2002.

16. From and after the recordation of the Rescission October 24, 2006, the BB&T Deed of Trust presently constituted a record lien upon the Subject Real Property.

On 3 December 2007, the trial court filed its second amended judgment, which ordered the surplus foreclosure proceeds to be distributed one-half to Schiphof's judgment lien creditors and the remaining one-half to Turner. BB&T appeals.

## II. Issue

BB&T argues the trial court erred when it failed to find BB&T had priority in the surplus foreclosure proceeds and was entitled to disbursement of those proceeds.

## III. Standard of Review

" '[T]he applicable standard of review on appeal where, as here, the trial court sits without a jury, is whether competent evidence exists to support its findings of fact and whether the conclusions reached were proper in light of the findings.' " *In re Foreclosure of Aal-Anubiaimhotepokorohamz*, 123 N.C. App. 133, 135, 472 S.E.2d 369, 370 (quoting *Walker v. First Federal Savings and Loan*, 93 N.C. App. 528, 532, 378 S.E.2d 583, 585, *disc. rev. denied*, 325 N.C. 230, 381 S.E.2d 791 (1989)), *disc. rev. denied*, 345 N.C. 179, 479 S.E.2d 203 (1996). The trial court's "conclusions of law are reviewable *de novo* on appeal." *Starco, Inc. v. AMG Bonding and Ins. Services*, 124 N.C. App. 332, 336, 477 S.E.2d 211, 215 (1996) (citation omitted).

## IV. Surplus Foreclosure Proceeds

BB&T argues the trial court erred in its disbursement of the surplus foreclosure proceeds because BB&T has "a valid, first priority lien upon the Subject Real Property, enforceable against the Surplus Proceeds and enforceable against all but the new owner of the Subject Real Property, . . . Leinback." We disagree.

BB&T failed to challenge or assign error to any of the trial court's findings of fact. Unchallenged findings of fact are presumed correct and are binding on appeal. *See Keeter v. Lake Lure*, 264 N.C. 252, 257, 141 S.E.2d 634, 638 (1965) ("Plaintiff has no exception to the judge's findings of fact. Consequently, the judge's findings of fact are presumed to be supported by competent evidence, and are binding on appeal." (Citation omitted)); *see also Nationwide Homes v. Trust Co.*, 267 N.C. 528, 148 S.E.2d 693 (1966).

We turn to whether the trial court's conclusions of law "were proper in light of the findings." *In re Foreclosure of Aal-Anubiaimhotepokorohamz*, 123 N.C. App. at 135, 472 S.E.2d at 370 (quotation omitted).

**IN RE SCHIPHOF**

[192 N.C. App. 696 (2008)]

N.C. Gen. Stat. § 45-36.6 (2007) states:

(b) If a person records a satisfaction or affidavit of satisfaction of a security instrument in error or if a security instrument is satisfied of record erroneously by any other means, the person or the secured creditor may execute and record a document of rescission. The document of rescission must be duly acknowledged before an officer authorized to make acknowledgments. Upon recording, the document rescinds an erroneously recorded satisfaction or affidavit and the erroneous satisfaction of record of the security instrument and reinstates the security instrument.

(c) A recorded document of rescission has no effect on the rights of a person that:

(1) Records an interest in the real property described in a security instrument after the recording of the satisfaction or affidavit of satisfaction of the security instrument or the erroneous satisfaction of record of the security instrument by other means and before the recording of the document of rescission; and

(2) Would otherwise have priority over or take free of the lien created by the security instrument as reinstated under Chapter 47 of the General Statutes.

Here, BB&T's Rescission of the Mistaken Satisfaction filed on 24 October 2007 has no effect on the rights of Leinback pursuant to N.C. Gen. Stat. § 45-36.6(c)(1). Leinback took the real property free from the encumbrance of BB&T's 4 April 1985 Deed of Trust. *Id.* BB&T's 4 April 1985 Deed of Trust does not attach to any real property. BB&T concedes this point, but cites our Supreme Court's opinion in *In re Castillian Apartments, Inc.* for the proposition that surplus proceeds retain the character of the real property foreclosed and that its Deed of Trust should take priority and attach to the surplus foreclosure proceeds. 281 N.C. 709, 190 S.E.2d 161 (1972). This Court, in *Smith v. Clerk of Superior Court,* rejected a similar argument on the basis that it relied upon language taken from a case which involved junior liens. 5 N.C. App. 67, 73, 168 S.E.2d 1, 5 (1969).

*In re Castillian Apartment, Inc.* involved the rights of a second lien deed of trust holder that instituted proceedings to recover surplus funds from a foreclosure of the first lien deed of trust. 281 N.C. at 714, 190 S.E.2d at 164. Our Supreme Court held "[the] [m]ortgage

[c]orporation's *second lien* deed of trust attached to the surplus arising from the foreclosure sale under the first lien deed of trust." *Id.* at 711, 190 S.E.2d at 162 (citations omitted).

Like the case at bar, *Smith* involved the rights of a senior lien holder that instituted proceedings to recover surplus funds from a foreclosure sale. 5 N.C. App. at 73, 168 S.E.2d at 5. This Court stated that, "the surplus funds . . . did not constitute real estate. The surplus funds represented the general funds of the plaintiffs, the owners of the premises and the grantors in the deed of trust which was foreclosed." *Id.* at 73-74, 168 S.E.2d at 5-6.

Based on this Court's holding in *Smith*, the surplus foreclosure funds at issue here, are the general funds of Schiphof and Turner, and subject to their creditor's liens. 5 N.C. App. at 73-74, 168 S.E.2d at 5-6. BB&T's 4 April 1985 Deed of Trust is reinstated pursuant to N.C. Gen. Stat. § 45-36.6(b), but does not attach to any real property. The trial court's unchallenged findings of fact support its conclusion of law that Schiphof and Turner were one-half owners of the equity of redemption and entitled to one-half the surplus proceeds, with Schiphof's one-half subject to payment of her judgment lien creditors. This assignment of error is overruled.

## V.  Conclusion

The trial court's conclusions of law are supported by its unchallenged findings of fact. *In re Foreclosure of Aal-Anubiaimhotepokorohamz*, 123 N.C. App. at 135, 472 S.E.2d at 370. The trial court's judgment, which ordered surplus foreclosure proceeds to be distributed to Schiphof's judgment lien creditors and to Turner, is affirmed.

Affirmed.

Judges CALABRIA and ELMORE concur.