EVA S. TORREY v. D. FRANK CANNON.

(Filed 10 May, 1916.)

**1. Contracts—Interpretation—Uphold Validity—Favor of Promisee—Advantage of Wronged Party.**

Where the language of a contract renders it of doubtful meaning it should be interpreted so as to uphold the writing, and in a manner most beneficial to the promisee and to prevent the promisor from taking advantage of his own wrong, when such matters are involved and may reasonably be considered as arising from the expressions used.

**2. Same—Compromise—Terms as to Validity.**

A writing executed in consideration of compromise of an action at law provided that the defendant should pay the plaintiff and her attorneys a certain sum of money, each, and a stated sum monthly to the plaintiff for a period of five years, with further provision that should the defendant fail to perform any of the obligations required of him the agreement shall be void. The defendant paid the plaintiff and her attorney two of the monthly payments, and then failed to pay any further, and it is *Held*, that by correct interpretation the contract was contemplated to become void at the option of the plaintiff, the promisee, and was otherwise valid and enforcible by her.

CIVIL ACTION heard upon demurrer by *Webb, J.*, at the Fall Term, 1916, of MECKLENBURG.

This is an action on the following contract:

STATE OF NORTH CAROLINA—MECKLENBURG COUNTY.

This agreement, entered into by and between Miss Eva S. Torrey and D. Frank Cannon, witnesseth:

Whereas a certain suit has been brought in the Superior Court of

Mecklenburg County by Miss Eva S. Torrey v. D. Frank Cannon, and said action is now pending in said court; and whereas the said parties, plaintiff and defendant, have agreed on terms of compromise between themselves, the terms of said compromise being that the said D. Frank Cannon shall pay to Miss Eva S. Torrey the sum of $100 in cash and $10 per week for every week hereafter, the first payment of $10 to be made on the 5th day of October, A. D. 1914, and $10 to be paid on every Monday thereafter for the term of five (5) years; and the said D. Frank Cannon is to pay the sum of $150 to David B. Paul and Stewart & McRae, attorneys for Miss Eva S. Torrey in said action, and that said Eva S. Torrey, at the October term of Superior Court of Mecklenburg County, is to take a nonsuit in the case now pending against the said D. Frank Cannon.

It is understood and agreed that in the event that said D. Frank Cannon shall fail to comply with any of the terms of the above agreement, or shall fail to pay any installment when same shall become due, this agreement shall become null and void and of no effect; and if the said D. Frank Cannon shall fail to pay the said attorneys the sum of $500 as attorneys' fees, then this agreement shall be null and void and of no effect.

This 25 September, A. D. 1914.            D. FRANK CANNON, [SEAL]
                                          EVA S. TORREY.   [SEAL]

Witness: A. A. KEENER.

The complaint alleges the execution of the contract, the performance of all the conditions of the contract by the plaintiff, the payment by the defendant of $100 and two weekly installments as provided therein, and the refusal of the defendant to make further payments and his renunciation of the contract.

The defendant demurred to the complaint on the following grounds:

1. That the said complaint does not set forth a cause of action against the defendant, for that it appears from the face of said complaint that the defendant has failed and refused to comply with the terms of the contract therein sued on, and utterly repudiated the same; and it further appears from the face of said complaint that, upon such failure or refusal and repudiation on his part, the entire contract sued on shall become null and void and of no effect.

2. That it appears from the face of said complaint that the contract sued on in this case was null and void and of no effect prior to the institution of this action, by reason of the fact that the defendant had failed and refused to comply with the terms thereof, and had repudiated the same, thereby rendering it null and void and of no effect.

The demurrer was overruled, and the defendant appealed.

*E. R. Preston, Duckworth & Smith for plaintiff.*
*J. D. McCall and Cansler & Cansler for defendant.*

ALLEN, J.   The position of the defendant that he can render the contract he has executed void and of no effect by refusing to perform its stipulations violates well settled rules generally applied in the construction of contracts.

It is presumed "that when parties make an instrument the intention is that it shall be effectual, and not nugatory" (*Hunter v. Anthony,* 53 N. C., 385), and acting on this presumption, if the contract "is susceptible of two meanings, one of which will destroy it or render it invalid, the former will be adopted so as to uphold the contract" (9 Cyc., 586; 2 Page Cont., sec. 1120; 6 R. C. L., 839), and "a promise which is made conditional upon the will of the promiser is generally of no value, for one who promises to do a thing only if it pleases him to do it is not bound to perform it at all."   9 Cyc., 618.

Again the construction is usually adopted, other things being equal, which is most beneficial to the promisee.   6 R. C. L., 854; *Kendrick v. Life Ins. Co.,* 124 N. C., 320.   In the case cited the Court says: "In *Hoffman v. Ins. Co.,* 32 N. Y., 413, the rule is laid down by the New York Court of Appeals as follows: 'It is a rule of law, as well as of ethics, that where the language of a promisor may be understood in more senses than one, it is to be interpreted in the sense in which he had reason to suppose it was *understood* by the promisee.   *Potter v. Ins. Co.,* 5 Hill, 147, 149; *Barlow v. Scott,* 24 N. Y., 40.'   It is also a familiar rule of law that if it be left in doubt, in view of the general tenor of the instrument and the relations of the contracting parties, whether given words were used in an enlarged or a restricted sense, other things being equal, that construction should be adopted which is most beneficial to the promisee.   Coke Lit., 183; Bacon's Law Maxims, Teg., 3; *Doe v. Dixon,* 9 East, 16; *Marvin v. Stone,* 2 Cowan, 806."

It is also a rule running through the administration of the law that one cannot take advantage of his own wrong (6 R. C. L., 932), or, as expressed in *Smith v. Gugerty,* 4 Barb., 621, "Undoubtedly a party cannot take advantage of the nonperformance of a condition if such nonperformance has been caused by himself."

If these principles are properly applied, the contention of the defendant cannot be sustained, because it would give a construction to the contract against the promisee; it would enable the defendant to profit by his own breach of the contract, and it would destroy and render of no legal effect a solemn contract entered into for the compromise and settlement of important litigation.

If the defendant could refuse to pay after two weeks and avoid the contract, he could do so before making any payment, and a contract presumably entered into in good faith and to protect the rights of the parties would have no binding force or legal effect.

If the parties intended such a result, they ought to have stipulated that the contract could be terminated at the will of either party.

What, then, is the meaning of the provision that the "agreement shall be null and void and of no effect" upon failure of the defendant to comply with any of the terms of the agreement?

Keeping in mind that the construction should be in favor of the promisee, that the defendant ought not to be allowed to take advantage of his own nonperformance of the contract, and that the contract ought to be so construed that it may be operative, clearly the terms "shall become null and void and of no effect" mean at the option of the plaintiff, the promisee.

The case of *Bryan v. Bancks,* 4 Barn. and Ad., 402, seems to be directly in point. A lease for coal lands provided that it should be void to all intents and purposes if the tenant should cease working two years at any time, and it was held upon ceasing to work two years that the lease was not absolutely void, but only voidable at the option of the lessor. All the judges wrote opinions.

*Abbott, C. J.:* "I am of opinion that the legal effect of this instrument is that it is voidable at the election of the landlord."

*Basley, J.:* "I am of opinion that the true construction of the proviso in this lease, 'that it shall be null and void to all intents and purposes upon a cesser of two years,' is that it shall be voidable only at the option of the lessor, and that it does not lie in the mouth of the lessee, who has been guilty of a wrongful act in omitting to work in pursuance of his contract, to avail himself of that wrongful act, and to insist that thereby the lease has become void to all intents and purposes."

*Holroyd, J.:* "The tenant cannot insist that his own act amounted to a forfeiture."

*Best, J.:* "I take it to be an universal principle of law and justice that no man can take advantage of his own wrong. Now, it would be most inconsistent with that principle to permit the defendant to protect himself against the consequences of this action by afterwards setting up his own wrongful act at a former period."

In *Hughes v. Palmer,* 115 E. C. L., 405, *Byles, J.:* "There are cases innumerable to show that 'void' may mean 'voidable' or 'void,' at the election of the party contracted with, where otherwise the wrongful act of the other party would put an end to the covenant."

In *Malins v. Freeman,* 6 Scott, 191, an act of Parliament was considered which authorized auctioneers to demand payment of bidders, and provided, "upon neglect or refusal to pay the same such bidding shall be null and void to all intents and purposes," and *Tindal, C. J.,* says: "If we hold this to mean that the sale shall be voidable at the option of the vendor, I think we do all the act requires." In the last case *Bryan v. Bancks* is approved.

We are, therefore, of opinion, upon reason and authority, that the judgment must be sustained.

Affirmed.