Lowman v. Huffman

---

---

WALTER W. LOWMAN AND WIFE, MARY ALICE LOWMAN v. HOUSTON T. HUFFMAN, CHARLES VAN HUFFMAN, A MINOR BY HOUSTON T. HUFFMAN, GUARDIAN AD LITEM, BEN S. WHISNANT, TRUSTEE, AND BURKE COUNTY SAVINGS & LOAN ASSOCIATION

### No. 7225SC356

### (Filed 23 August 1972)

**Mortgages and Deeds of Trust § 40— action to set aside foreclosure — default on note — genuine issue of fact**

> In an action to set aside the foreclosure of a deed of trust, a genuine issue of material fact existed as to whether plaintiffs were in default on the note secured by the deed of trust, and the trial court erred in the entry of summary judgment in favor of defendants.

APPEAL by plaintiffs from *Snepp, Judge,* 18 November 1971 Session of Superior Court held in BURKE County.

This is a civil action wherein plaintiffs Walter W. Lowman and wife, Mary Alice Lowman, seek to recover $13,000 in damages from the defendant Burke County Savings and Loan Association (Savings and Loan Association) and to have the following declared null and void: (1) a deed of trust dated 6 May 1965 executed and delivered by plaintiffs to the defendant Ben S. Whisnant, trustee for the defendant Savings and Loan Association, securing a loan to plaintiffs in the amount of $4,500; (2) all proceedings with respect to the foreclosure of said deed of trust; and (3) the bid of the defendant Houston T. Huffman and the deed of the defendant trustee to the defendants Houston T. Huffman and Charles Van Huffman.

Plaintiff's complaint, except where quoted, is summarized as follows: On 6 May 1965 plaintiffs obtained a loan from defendant Savings and Loan Association in the amount of $4,500 which was secured by a real estate deed of trust, executed and delivered by plaintiffs to the defendant trustee for the defendant Savings and Loan Association; and they "have made sufficient payments to keep same in good standing." The property conveyed in the deed of trust was the same property the plaintiffs received by warranty deed dated 23 February 1956 from Joseph G. Burns and wife, Augusta Burns, which deed contained the following condition:

"It is understood and agreed by all parties concerned that the above described tract of land is not to be traded or sold during the life time of Joseph G. Burns and wife, Augusta Burns, the grantors hereto. If for any reason this clause is violated this deed becomes null and void otherwise in full force and effect."

Plaintiffs alleged that because of the foregoing condition their deed of trust was "invalid and subject to being declared void."

The plaintiffs had certain life and health insurance "in legal effect" in connection with the loan which protected and indemnified the Savings and Loan Association "by failure of the plaintiffs to make the required payments." Both plaintiffs were physically and mentally ill "to such an extent that they were not competent to attend to business matters" during "all of the months of 1970 down to the latter part of July 1970"; and the defendant Savings and Loan Association was advised of these facts and "could have assisted plaintiffs to have reported same and to obtain proper insurance benefits to cover any payments due."

On 21 April 1970 the defendant trustee and defendant Savings and Loan Association "wrongfully declared plaintiffs' note and said deed of trust to be delinquent, due in full and accelerated" and "caused foreclosure advertisements to be posted at the courthouse and in a newspaper but same were not in accordance with law, and they failed to so notify plaintiffs." A purported sale was conducted by the defendant trustee on 23 April 1970 following which a report was made to the Clerk of Court that Houston T. Huffman was the last and highest bidder at $2,000.

"This was not considered nor approved by the Clerk, nor was any order made that deed be made to him and certainly not to others. That the final report of the trustee Defendant, does not comply with the Statutes covering same, and therefore any further, and purported attempts to complete foreclosure, being based upon the same are void."

On 13 July 1970 the defendant trustee executed and delivered his deed to the defendants Houston T. Huffman and Charles Van Huffman. The property embraced in the deed of trust had a fair market value of $15,000.

"(T)he Defendant, Houston T. Huffman, who is the father of the Defendant, Charles T. Huffman, minor, fraudulently procured the trustee's deed to them, in the following respects. . . ."

The defendants Ben S. Whisnant, Trustee, and Burke County Savings and Loan Association filed answer admitting the execution and delivery of the deed of trust securing the loan to plaintiffs in the amount of $4,500 and admitting the foreclosure and sale of the property under the deed of trust to the defendants Houston T. Huffman and Charles Van Huffman for $2,000. They denied all of the other material allegations of the complaint.

The record does not indicate whether the defendants Houston T. Huffman and Charles Van Huffman filed answer. The defendant trustee and the defendant Savings and Loan Association filed a motion for summary judgment in their favor and supported their motion with numerous affidavits and exhibits relating to the execution and delivery of plaintiffs' deed of trust securing the loan of $4,500 and the foreclosure and sale of the property under the deed of trust.

The plaintiffs filed numerous affidavits in opposition to the defendants' motion.

On 9 December 1971 after making "findings of fact" and "conclusions of law," the trial judge allowed the defendants' motion for summary judgment and dismissed plaintiffs' action as to the defendant trustee and the defendant Savings and Loan Association. Plaintiffs appealed.

*Edward M. Hairfield and L. M. Abernathy by Edward M. Hairfield for plaintiff appellants.*

*Byrd, Byrd, Ervin & Blanton by John W. Ervin, Jr., for defendant appellees.*

HEDRICK, Judge.

The question presented on this appeal is whether the Court erred in allowing the defendants' motion for summary judgment. The standard for summary judgment is fixed by Rule 56(c). "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). "The rule does not contemplate that the court will decide an issue of fact, but rather will determine whether a real issue of fact exists." Gordon, The New Summary Judgment Rule in North Carolina, 5 Wake Forest Intra. L. Rev. 87 (1969). "The determination of what constitutes a 'genuine issue as to any material fact' is often difficult. It has been said that an issue is material if the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action, or if the resolution of the issue is so essential that the party against whom it is resolved may not prevail." 3 Barron and Holtzoff, Federal Practice and Procedure, § 1234 (Wright Ed. 1958), at page 131.

In their complaint the plaintiffs allege they made sufficient payments on the $4,500 loan from the defendants "to keep the same in good standing." Although the defendants' in their answer denied this allegation and supported their motion for summary judgment with evidence tending to show that the plaintiffs were delinquent in their payments 43 out of 60 months and that when the foreclosure proceeding was commenced, they were three payments in arrears, the evidence of the plaintiff by the affidavit of Walter W. Lowman tended to show that the plaintiffs had made payments from 6 May 1965 until 13 July 1970, which were more than sufficient to cover the indebtedness secured by the deed of trust.

Obviously whether the plaintiffs had paid the indebtedness secured by the deed of trust is a material issue of fact in

this action attacking the defendants' right to sell the property given as security for the indebtedness. The trial judge actually determined this material fact when he found:

> "At the time of the foreclosure plaintiffs were in default two monthly payments as called for by the terms of the deed of trust. . . ."

and concluded:

> "There is no substantial issue of fact as to whether or not the plaintiffs were in default in their payments under the deed of trust at the time of the foreclosure. . . ."

The resolution of this issue by the trial judge against the plaintiffs made it impossible for them to prevail and clearly affected the result of their action.

The very fact that the trial judge apparently felt compelled to make findings of fact in ruling on a motion for summary judgment indicates that the record shows there are genuine issues of material fact to be resolved before the rights of the parties can be finally adjudicated.

We hold the pleadings, affidavits, and exhibits on file show there are genuine issues of material fact which can only be resolved by a trial of the action. This summary judgment in favor of the defendants is reversed.

Reversed.

Judges BROCK and MORRIS concur.