IN THE MATTER OF THE FORECLOSURE OF A DEED OF TRUST EXECUTED BY HARVEY L. BIGELOW AND SHIRON J. BIGELOW DATED JULY 26, 1999 AND RECORDED IN BOOK 1315 AT PAGE 160 IN THE ALAMANCE COUNTY PUBLIC REGISTRY, NORTH CAROLINA

No. COA06-1372

(Filed 7 August 2007)

**1. Mortgages and Deeds of Trust— check not accepted—foreclosure—not allowed**

The evidence supported the trial court's finding that there was no default on a mortgage where respondent testified that petitioner had refused a check because the numeric and written amounts differed, that she had attempted to pay the amounts owed, and that petitioner was not communicative.

**2. Mortgages and Deeds of Trust— foreclosure—not allowed—mortgage holder's conduct**

The trial court did not impermissibly rely on an equitable defense in refusing to allow a foreclosure where the apparent lack of communication between petitioner's different departments or personnel supported the factual determination that respondents were not in default.

Appeal by petitioner from order entered 4 May 2006 by Judge Narley L. Cashwell in Alamance County Superior Court. Heard in the Court of Appeals 4 June 2007.

*Shapiro & Ingle, LLP, by Jason K. Purser, for petitioner-appellant.*

*David K. Holley for respondents-appellees.*

MARTIN, Chief Judge.

Petitioner-appellant ABN AMRO Mortgage Group, Inc., ("Petitioner") appeals from an order of the Alamance County Superior Court denying its request for foreclosure on a deed of trust executed by respondent-appellees ("Respondents"). We affirm.

Evidence before the trial court tended to show that respondents entered into a loan agreement secured by a deed of trust and recorded in Book 1315 at Page 160 of the Alamance County Registry. Petitioner acquired the mortgage on the deed of trust. Respondents

eventually defaulted on making their monthly payments. In October 2003, the parties entered into a Repayment Plan under which respondents would increase their monthly payments until they had cleared their arrearage, at which point the monthly payments would return to their prior levels.

Respondents made only two payments under the plan. At the superior court hearing, Ms. Bigelow testified that the current default alleged by petitioner occurred after petitioner returned a personal check from her in December 2003 which she tendered as the payment due 1 December 2003. She further testified that the Bigelows received a letter along with the returned check indicating that the check was being returned because the numeric and written amounts differed on the check. However, evidence offered at trial showed that the num-. bers were the same. According to Ms. Bigelow, she subsequently followed up with petitioner, attempting to contact them "at least 200 times" to clear up the bank's mistake but was unable to establish contact with petitioner.

Petitioner commenced these foreclosure proceedings on 16 November 2004. In February 2005, after the commencement of foreclosure proceedings, petitioner sent the Bigelows payment coupons stating that their monthly payment would be $1001.17. Ms. Bigelow sent petitioner a check in March 2005, but it was returned, and respondents were still unable to contact the bank. On 26 July 2005, the Alamance County Clerk of Court entered an order permitting foreclosure. On 4 August 2005, respondents posted a written notice of appeal and posted a cash bond to secure the same. The matter came up for hearing *de novo* in the superior court on 13 April 2006. The superior court overturned the clerk's decision and denied foreclosure on 8 May 2006. This appeal follows.

[1] Petitioner first avers that the trial erred by disallowing petitioner's foreclosure because the substitute trustee presented competent evidence sufficient to satisfy the four requirements of N.C.G.S. § 45-21.16(d). The statute states, in relevant part:

(d) . . . the clerk shall consider the evidence of the parties and may consider, in addition to other forms of evidence required or permitted by law, affidavits and certified copies of documents. If the clerk finds the existence of (i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, and (iv) notice to those entitled to

such under subsection (b), then the clerk shall authorize the mortgagee or trustee to proceed under the instrument. . . .

(d1) The act of the clerk in so finding or refusing to so find is a judicial act and may be appealed to the judge of the district or superior court having jurisdiction at any time within 10 days after said act. Appeals from said act of the clerk shall be heard de novo.

N.C. Gen. Stat. § 45-21.16 (2005). "The role of the clerk is limited to making findings on those four issues. If the foreclosure action is appealed to the superior court for a *de novo* hearing, the inquiry before a judge of superior court is also limited to the same issues." *Espinosa v. Martin*, 135 N.C. App. 305, 308, 520 S.E.2d 108, 111 (1999) (citations omitted). Furthermore, the trial court may not hear equitable defenses, although evidence of legal defenses is permissible. *In re Foreclosure of Azalea Garden Bd. & Care, Inc.*, 140 N.C. App. 45, 57, 535 S.E.2d 388, 396 (2000).

"We note at the outset that the applicable standard of review on appeal where, as here, the trial court sits without a jury, is whether competent evidence exists to support its findings of fact and whether the conclusions reached were proper in light of the findings." *In re Foreclosure of Land Covered by a Certain Deed of Trust Given by Aal-Anubiaimhotepokorohamz*, 123 N.C. App. 133, 135, 472 S.E.2d 369, 370, *disc. review denied*, 345 N.C. 179, 479 S.E.2d 203 (1996) (quoting *Walker v. First Federal Savings and Loan*, 93 N.C. App. 528, 532, 378 S.E.2d 583, 585 (1989)). The pivotal finding in this case was the trial court's determination that the Bigelows were not in default. The court determined that the disruption to the payment schedule stemmed from the petitioner's refusal to accept the Bigelow's December check. The relevant part of the order states:

Shiron J. Bigelow presented evidence tending to show that ABN AMRO Mortgage wrongfully refused to honor a check dated December 23, 2003 in the amount of $1920.00, and that said noteholder's alleged default herein was based on said wrongful refusal to accept patment [sic] from the Bigelows.

We have previously held that the determination of whether a party is in default on a contract is a question of fact. *Lowman v. Huffman*, 15 N.C. App. 700, 704, 190 S.E.2d 700, 703 (1972). Therefore, we review the superior court's order to determine only

IN RE FORECLOSURE OF BIGELOW

[185 N.C. App. 142 (2007)]

whether its findings are supported by competent evidence. In this case, Ms. Bigelow testified under oath, as follows:

Q: After that check [December 2003] was sent back to you, did you attempt to contact ABN AMRO?

A: Sir, I tried at least 200 times, and I have it in my notebook everybody that I talked to.

Q: Did you attempt to send additional funds to them after this, after this check was sent back?

A: I sent them another payment and they sent it back to me.

Q: Did they claim that you were in default because of this check they had returned?

A: They never did call me back, sir. I never did get anybody on the phone return call.

Ms. Bigelow also testified about her later efforts to send $7,000 to the petitioner in an attempt to stop the foreclosure proceedings at issue here:

Q: Were you, were you told by ABN AMRO that you were suppose [sic] to receive a packet for you to fill out to send back with the $7000?

A: That's correct.

Q: Did you ever receive any of that material?

A: No, sir. I did not.

Q: Did you attempt to contact them to determine when you would receive that material?

A: Yes, sir. I did. And I also called Shapiro out of Charlotte, and one of their employees did an e-mail to them to tell them what was going on. And that's the only way I got a call because they would not return any of my calls.

Q: Were you instructed by anyone with ABN AMRO not to send the $7000 in until you had the financial packet that you were suppose [sic] to also submit?

A: Yes, sir, with my signature.

Q: You then, did you then receive a third notice of foreclosure?

IN RE FORECLOSURE OF BIGELOW

[185 N.C. App. 142 (2007)]

A: Yes, sir. I did.

Q: And that is the proceeding that we have before the Court today?

A: That's correct.

Q: During the pendency of this proceeding here, did you receive a mortgage coupon book from ABO Ammo [sic] mortgage?

A: Yes, sir, I did. . . .

Q: Did you in fact send a check to ABN AMRO for the March payment called for in that coupon book?

A: Yes, sir, I did. . . .

Q: Was that check honored by ABN AMRO?

A: No, sir. It wasn't. It took I don't know how long for it to get back.

Q: They returned it to you?

A: Yes, sir. They did. . . .

Q: Ms. Bigelow, did you encounter difficulties in speaking to ABN AMRO regarding these various work-out plans or payments that were supposed to be made or returned checks?

A: Yes, sir, I have tried for the last I don't know how many years to try to talk with them. They do not return any call. You leave messages, after message. No one will call you back. The only way you can get them is going through Shapiro out of Charlotte, and they would e-mail. But to return a call to this day, they will not return no calls.

Q: Did you and your husband Harvey Bigelow make efforts to comply with the requests from ABN AMRO with regard to payments to be made or information to be submitted?

A: Sir, I have did [sic] everything they asked of us to do, and they still did not comply with anything they told us they was [sic] going to do.

While petitioner presented evidence to the contrary, this Court does not function as an appellate fact finder. *Rose v. City of Rocky Mount*, 180 N.C. App. 392, 399, 637 S.E.2d 251, 256 (2006). Our review of the

IN RE FORECLOSURE OF BIGELOW

[185 N.C. App. 142 (2007)]

foregoing testimony leads us to conclude that it fully supports the superior court's finding of fact that there was no default.

[2] Turning to petitioner's argument that the trial court impermissibly relied on equitable defense, we note that our Supreme Court has held that a mortgage is a contract. *Palmer v. Latham*, 173 N.C. 103, 105, 91 S.E. 525, 525 (1917). Therefore, the principles of contract law are applicable. A cardinal principle of contract law is that a party to a contract may not take advantage of its nonperformance if its own actions prevented performance of the contract. *Cater v. Barker*, 172 N.C. App. 441, 446, 617 S.E.2d 113, 117 (2005). *See also Mullen v. Sawyer*, 277 N.C. 623, 633, 178 S.E.2d 425, 431 (1971) ("It is a salutary rule of law that one who prevents the performance of a condition, or makes it impossible by his own act, will not be permitted to take advantage of the nonperformance.") In this case, counsel for petitioner conceded that bureaucratic tangles might have hampered payment. When questioned about the additional booklets sent to respondents, he stated:

I find that working with large companies, sometimes the left hand doesn't know what the right hand is doing.

The apparent lack of communication between different departments or personnel of petitioner bank supports the trial court's factual determination that the respondents were not in default. The absence of a default bars the entry of an order for foreclosure. *In re Kitchens*, 113 N.C. App. 175, 178, 437 S.E.2d 511, 512 (1993). Therefore, the trial court was correct in denying petitioner's request for foreclosure, and its order must be affirmed.

We note that petitioner has argued that respondents were in default of their obligations because even by their own account, their December 2003 check was a personal, not a cashier's check, and was late. However, this matter was not raised before the trial court, and petitioner may not, therefore, raise it now. "Our Supreme Court has long held that where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to getter a better mount in the appellate courts." *State v. Holliman*, 155 N.C. App. 120, 123, 573 S.E.2d 682, 685 (2002) (citations and quotations omitted).

Petitioner argues that it is still owed payment on an outstanding debt. However, this appeal pertains only to the immediate foreclosure proceedings, which are governed by the strict statutory criteria out-

lined above. Other claims may be litigated in subsequent proceedings. *In re Watts*, 38 N.C. App. 90, 94, 247 S.E.2d 427, 429 (1978).

Affirmed.

Judges McCULLOUGH and TYSON concur.