UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1488

RUSSELL TODD HUTTENSTINE, On Behalf of Himself and All
Others Similarly Situated; RONALD A. SCHINDELER; ROBERT G.
COLE; JAMIE SLAUGHTERBECK; WILLIAM SCHUTTER,

Plaintiffs - Appellees,

v.

DENNIS MAST; GEORGE A. MOORE; SHANE TRAVELER; ROSS W. SMITH;
HYDROFLO, INCORPORATED; METALS AND ARSENIC REMOVAL
TECHNOLOGY, INCORPORATED,

Defendants - Appellants.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (4:05-cv-00152-F)

Argued: May 14, 2009                    Decided: June 22, 2009

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished opinion.  Judge Niemeyer wrote the
opinion, in which Judge Motz and Judge Traxler joined.

**ARGUED:** Terence James Rasmussen, HUNTON & WILLIAMS, LLP,
Richmond, Virginia, for Appellants.  Laurence Mathew Rosen, THE
ROSEN LAW FIRM, PA, New York, New York, for Appellees.  **ON
BRIEF:** L. Neal Ellis, Jr., Edward Avery Wyatt, HUNTON &
WILLIAMS, LLP, Raleigh, North Carolina, for Appellant Shane
Traveler.  Donald J. Harris, HARRIS, WINFIELD, SARRATT & HODGES,
LLP, Raleigh, North Carolina, for Appellants Dennis Mast, George

A. Moore, Ross W. Smith, HydroFlo, Incorporated, and Metals and Arsenic Removal Technology, Incorporated.  Kevin B. Cartledge, WILSON & COFFEY, LLP, Winston-Salem, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

NIEMEYER, Circuit Judge:

After stockholders of HydroFlo, Inc., commenced this securities class action against HydroFlo and its officers and directors, the parties entered into a written settlement agreement under which the defendants agreed to pay the plaintiffs $425,000, in exchange for which the plaintiffs agreed to release the defendants and dismiss the action. After the district court preliminarily approved the settlement agreement, the defendants refused to pay the $425,000 within ten days, as required, and the district court enforced the settlement agreement, entering judgment against the defendants for $425,000 plus interest. From the judgment enforcing the settlement agreement, the defendants appeal.

The defendants concede that they failed to pay the $425,000, as agreed. But, in some incomprehensible way, they maintain that their payment was a condition precedent to the settlement agreement's effectiveness and that therefore their failure to fulfill the condition precedent resulted in cancellation and termination of the settlement agreement, leaving them with no further obligation.

The settlement agreement is staged so that after the defendants make the $425,000 payment into an escrow fund, the plaintiffs, on the effective date of settlement, release the defendants and dismiss the action. Obviously, the settlement

3

agreement provides that the effective date of settlement, when plaintiffs' release is deemed effective, is conditioned on the defendants' making the agreed-upon payment.  As the settlement agreement provides:

K.   CONDITIONS OF SETTLEMENT

1.   The Effective Date of the Settlement shall be conditioned upon the occurrence of all of the following events:

* * *

e.   Defendants shall have paid the Settlement Amount, as set forth in paragraph C., above [detailing the escrow fund].

Relying on this language, the defendants argue that since they did not pay the $425,000 settlement amount, the settlement agreement is no longer operative and binding.  They claim that their argument is bolstered by a later provision of the settlement agreement, which states:

If all of the conditions specified in paragraph K.1 are not met, then the Stipulation shall be canceled and terminated . . . .

Thus, the defendants contend that when they failed to pay $425,000 into escrow, the condition precedent for the settlement agreement's effective date failed, and therefore the settlement itself was "canceled and terminated."

This argument fails for lack of a fundamental understanding of the settlement agreement's operation.  The duty to pay $425,000 into escrow was a promise by the defendants, not a

4

condition precedent to their performance under the settlement agreement.  See  Harllee v. Harllee, 565 S.E.2d 678, 682 (N.C. App. 2002) (discussing distinction between promise and condition precedent).  Indeed, the defendants' promise to pay $425,000 was the only consideration given by them for the plaintiffs promise to drop the class action and release the defendants.  When the defendants failed to pay, they breached their promise, giving rise to a claim for damages, which the district court correctly ascertained to be $425,000 plus interest.

The settlement agreement labeled the payment a "condition" for the effective date because payment was a condition precedent for plaintiffs' dropping the class action on the effective date. In other words, the $425,000 payment was a condition precedent for the plaintiffs' performance of their obligations, not for the defendants' performance.  See Restatement (Second) of Contracts § 225 cmt. d (1981) ("The same term may . . . be interpreted not only to make an event a condition of the obligor's duty, but also to impose a duty on the obligee that it occur").

Moreover, even if the defendants sought to take advantage of a condition precedent in the settlement agreement, they could not unilaterally "cancel and terminate" the settlement agreement by their own failure to satisfy the condition.  "[O]ne who prevents the performance of a condition, or makes it impossible

5

by his own act, will not be permitted to take advantage of the nonperformance." In re Bigelow, 649 S.E.2d 10, 13-14 (N.C. App. 2007) (quoting Mullen v. Sawyer, 178 S.E.2d 425, 431 (N.C. 1971)); accord Torrey v. Cannon, 88 S.E. 768, 770 (N.C. 1916).

The judgment of the district court is

AFFIRMED.