IN THE MATTER OF THE FORECLOSURE OF THAT NORTH CAROLINA DEED OF TRUST BY CARVER POND I LIMITED PARTNERSHIP TO UNITED GENERAL TITLE INSURANCE COMPANY, TRUSTEE FOR RED CAPITAL COMMERCIAL FUNDING, LLC AS RECORDED IN THE DURHAM COUNTRY REGISTRY IN BOOK 5710 AT PAGE 308

No. COA11-367

(Filed 6 December 2011)

**1. Deeds—foreclosure—holder of loan documents—surviving corporation after merger**

The trial court did not err in a foreclosure case by finding that Bank of America was the holder of the pertinent loan documents. Bank of America, as the surviving corporation after a merger, succeeded by operation of law to LaSalle's status as owner and holder of the loan documents.

**2. Receivership—foreclosure—promissory note in default— appointment of receiver—bank had no authority to direct receiver**

The trial court did not err in a foreclosure case by finding that a promissory note was in default. Once a receiver was appointed, Bank of America had no authority to direct the receiver to make payments on the debt. The receiver's failure to make a distribution to Bank of America in April and May 2010 was not attributable to Bank of America.

Appeal by respondent from order entered 4 November 2010 by Judge Michael R. Morgan in Durham County Superior Court. Heard in the Court of Appeals 29 September 2011.

*Law Office of James C. White, P.C., by James C. White and Michelle M. Walker, for respondent-appellant.*

**IN RE FORECLOSURE OF CARVER POND I, L.P.**

[217 N.C. App. 352 (2011)]

*Kilpatrick Townsend & Stockton LLP, by Alan D. McInnes and James H. Pulliam, for petitioner-appellee.*

THIGPEN, Judge.

Respondent Carver Pond I Limited Partnership ("Carver Pond") appeals from the trial court's order authorizing James Trachtman to act as substitute trustee and to proceed with foreclosure under a power of sale. We must determine whether the trial court erred by finding that Bank of America, National Association ("Bank of America") is the holder of the debt and that the promissory note was in default. Because we conclude the trial court's findings of fact are supported by competent evidence, we affirm.

Carver Pond owns Carver Pond Apartments, located at 4001 Meriwether Drive in Durham, North Carolina. On 9 August 2007, Carver Pond executed a Promissory Note in which it promised to pay a principal amount of $8,100,000.00 plus interest to Red Capital Commercial Funding ("Red Capital"). To secure the loan evidenced by the Promissory Note, Carver Pond executed a Deed of Trust, Security Agreement and Assignment of Lease and Rents (the "Deed of Trust") on Carver Pond Apartments (the Promissory Note and the Deed of Trust are collectively referred to as the "Loan Documents"). On the same date, Red Capital assigned the Loan Documents to Nomura Credit & Capital, Inc., which later assigned them to LaSalle Bank National Association ("LaSalle") on 30 August 2007. On 17 October 2008, LaSalle merged with Bank of America.

After Carver Pond failed to make three monthly payments of $51,624.41 in January through March of 2010, Bank of America sought the appointment of a receiver to administer Carver Pond Apartments. On 5 April 2010, Hawthorne Residential Partners LLC ("Hawthorne") was appointed as receiver to take possession of, manage, and operate Carver Pond Apartments. Although Hawthorne transferred $264,772.00 to Bank of America on 27 July 2010, Hawthorne failed to make payments to Bank of America in April and May 2010. On 4 June 2010, Bank of America sent a letter to Carver Pond stating that Carver Pond was in default for failing to make monthly payments for January through May of 2010. The 4 June 2010 letter also stated that Bank of America accelerated the loan and demanded payment of $8,646,619.64, the entire amount due under the Loan Documents.

On 21 June 2010, Bank of America filed a Notice of Foreclosure Hearing. After a hearing on 22 July 2010, the clerk of Durham County

Superior Court entered an Order Authorizing Foreclosure of Deed of Trust on 14 September 2010. On appeal from the 14 September 2010 order, the trial court heard arguments and entered an Order Authorizing Foreclosure Sale on 4 November 2010. In its order, the trial court found that Bank of America "is the successor by merger to LaSalle"; the "Loan Documents evidence a valid debt of which Bank of America is the holder"; the Note is in default as Carver Pond made no payments since December 2009; and the actions of the receiver appointed by the court "are not those of the Holder; therefore, the Holder did not take advantage of any alleged nonperformance by the Receiver." Based on these findings of fact, the trial court authorized the substitute trustee to proceed with the foreclosure sale. Carver Pond appeals from this order.

On appeal, Carver Pond argues the trial court erred in finding that (I) Bank of America is the holder of the Loan Documents and (II) the Promissory Note was in default.

In reviewing a trial court's order allowing a foreclosure sale pursuant to N.C. Gen. Stat. § 45-21.16(d) (2009), our standard of review is "whether competent evidence exists to support its findings of fact and whether the conclusions reached were proper in light of the findings." *In re Foreclosure of a Deed of Trust Executed by Bigelow*, 185 N.C. App. 142, 144, 649 S.E.2d 10, 12 (2007) (quotation omitted). At the time this foreclosure proceeding was commenced, a clerk of court was required to find five elements to authorize a foreclosure sale:

> (i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, (iv) notice to those entitled to such under subsection (b), and (v) that the underlying mortgage debt is not a subprime loan as defined in G.S. 45-101(4)[.]

N.C. Gen. Stat. § 45-21.16(d) (2009). "On appeal from a determination by the clerk that the trustee is authorized to proceed, the judge of the district or superior court having jurisdiction is limited to determining *de novo* the same . . . issues resolved by the clerk." *In re Adams*, ___ N.C. App. ___, ___, 693 S.E.2d 705, 709 (2010) (quotation and quotation marks omitted).

### I. Bank of America as Holder of the Loan Documents

**[1]** In its first argument on appeal, Carver Pond contends the trial court erred in finding that Bank of America is the holder of the Loan Documents. We disagree.

**IN RE FORECLOSURE OF CARVER POND I, L.P.**

[217 N.C. App. 352 (2011)]

For the trial court to find sufficient evidence that a petitioner is the holder of a valid debt in accordance with section N.C. Gen. Stat. § 45–21.16(d), the following two questions must be answered in the affirmative: "(1) is there sufficient competent evidence of a valid debt?; and (2) is there sufficient competent evidence that the party seeking to foreclose is the holder of the notes that evidence that debt?" *In re David A. Simpson*, P.C., ___ N.C. App. ___, ___, 711 S.E.2d 165, 170 (2011) (quotation marks and citations omitted). "Our General Statutes define the 'holder' of an instrument as 'the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession.' " *Id.* at ___, 711 S.E.2d at 171 (quoting N.C. Gen. Stat. § 25–1–201(b)(21) (2009)). "Furthermore, a 'person' means an individual, corporation, business trust, estate, trust . . . or any other legal or commercial entity." *Id.* (quotation and quotation marks omitted).

Carver Pond cites *In re Adams*, ___ N.C. App. ___, 693 S.E.2d 705 (2010), in support of its argument that evidence of Bank of America's merger with LaSalle is not sufficient evidence that Bank of America is the current holder of the Loan Documents. *Adams*, however, does not address whether evidence of a merger is sufficient evidence that a petitioner is the holder of a note. We find *Econo-Travel Motor Hotel Corp. v. Taylor*, 301 N.C. 200, 271 S.E.2d 54 (1980), instructive.

In *Econo-Travel*, the plaintiff alleged in its complaint "that it became the owner and holder of the note sued upon by merger with [the] indorsee [of the note] Econo-Travel Corporation." *Id.* at 204, 271 S.E.2d at 58. Although our Supreme Court held that the plaintiff failed to establish a genuine issue as to whether it was the owner and holder of the note because it failed to introduce evidence of a merger, the court noted that "if the alleged merger had occurred, then plaintiff, as the surviving corporation, would have succeeded by operation of law to Econo-Travel Corporation's status as owner and holder of the promissory note, and would have had standing to enforce the note in its own name." *Id.* Furthermore, pursuant to N.C. Gen. Stat. § 55-11-06(a)(2) (2009), when a merger between two corporations occurs, "[t]he title to all real estate and other property owned by each merging corporation is vested in the surviving corporation without reversion or impairment."

Here, the record on appeal contains three documents which evidence the merger between LaSalle and Bank of America. The first document is an Affidavit of Noteholder executed by the Servicer

which states Bank of America is successor by merger to LaSalle. The second document is a certified statement from the assistant secretary of Bank of America attesting that "[e]ffective October 17, 2008, LaSalle Bank National Association . . . merged into and under the charter and title of Bank of America, National Association[.]" The third document is a letter from the Comptroller of the Currency Administrator of National Banks officially certifying that LaSalle merged with Bank of America and authorizing Bank of America "to operate the former main and branch offices of LaSalle" as "branches of Bank of America[.]"

We conclude the three documents in the record are sufficient evidence of the merger between LaSalle and Bank of America. Furthermore, we note that Carver Pond does not dispute that a valid merger occurred between LaSalle and Bank of America; rather, Carver Pond contends that the documents evidencing the merger are not evidence that the Loan Documents were transferred from LaSalle to Bank of America. However, following *Econo-Travel*, we hold that Bank of America, as the surviving corporation after the merger, succeeded by operation of law to LaSalle's status as owner and holder of the Loan Documents. *Econo-Travel*, 301 N.C. at 204, 271 S.E.2d at 58 (stating "if the alleged merger had occurred, then plaintiff, as the surviving corporation, would have succeeded by operation of law to Econo-Travel Corporation's status as owner and holder of the promissory note"). Accordingly, the evidence of the merger between LaSalle and Bank of America is competent evidence that Bank of America is the holder of the Loan Documents.

## II. Promissory Note in Default

**[2]** Carver Pond next contends the trial court erred in finding that the Promissory Note was in default because Bank of America's actions prevented payment of the debt. We disagree.

Carver Pond cites *In re Foreclosure of a Deed of Trust Executed by Bigelow*, 185 N.C. App. 142, 649 S.E.2d 10 (2007), for the proposition that "a mortgage holder cannot demonstrate default if the mortgage holder's own actions prevented performance of the unsatisfied obligation." Although the court in *Bigelow* upheld the trial court's finding that there was no default because the mortgage holder wrongly refused to accept payment from the homeowners, *id.* at 146-47, 649 S.E.2d at 13, we find *Bigelow* distinguishable because it did not involve a receiver. Our Supreme Court has explained the role of a receiver as follows:

**IN RE FORECLOSURE OF CARVER POND I, L.P.**

[217 N.C. App. 352 (2011)]

With respect to the court, the parties to the suit in which he is appointed, creditors and other interested persons, and the property in receivership, the position of the receiver is that of an officer of the court. He may be considered a "quasi-trustee," holding legal title and possession as the agent of the court for the beneficial owners. *He is not appointed for the benefit of either party and does not derive his authority from either one.* The parties have no authority over him and have no right to determine what liability he may or may not incur. The receiver is a representative and protector of the interests of creditors and shareholders alike in the property of the receivership.

*Lowder v. All Star Mills, Inc.*, 309 N.C. 695, 701, 309 S.E.2d 193, 198 (1983) (citation omitted) (emphasis added), *rehearing denied*, 310 N.C. 749, 319 S.E.2d 266 (1984).

Here, the parties agree that Carver Pond failed to make monthly payments in January, February, and March 2010, and the trial court appointed Hawthorne as receiver by order dated 5 April 2010. Although Hawthorne transferred $264,772.00 to Bank of America on 27 July 2010, Hawthorne failed to make payments to Bank of America in April and May 2010. Thus, on 4 June 2010, Bank of America sent a letter to Carver Pond stating that Carver Pond was in default for failing to make monthly payments in January through May of 2010 and demanding payment for the entire loan amount.

Carver Pond contends that after the appointment of the receiver, Bank of America had the authority to direct Hawthorne to apply excess funds to the mortgage debt, and Bank of America's failure to do so made further payment by Carver Pond impossible. However, as *Lowder* explains, a receiver is an "officer" and "agent" of the court who "is not appointed for the benefit of either party and does not derive his authority from either one." *Id.* Once Hawthorne was appointed as receiver, Bank of America had no authority to direct Hawthorne to make payments on Carver Pond's debt. Therefore, Hawthorne's failure to make a distribution to Bank of America in April and May 2010 is not attributable to Bank of America. Accordingly, we conclude there is competent evidence to support the trial court's finding of fact that the Promissory Note is in default.

AFFIRMED.

Judges GEER and STROUD concur.