DIETZ, Judge.
Marge and Michael Iannucci appeal from the trial court's order allowing U.S. Bank to foreclose on their home. The Iannuccis do not dispute that they took out a $188,000 loan using a note and accompanying deed of trust secured by the home and that they have failed to make scheduled payments on the note and are now in default. But the Iannuccis argue that U.S. Bank cannot foreclose on the property because the bank lost the note.
As explained below, the trial court properly admitted an affidavit from a servicing agent for U.S. Bank, admissible under the business records exception, that satisfied all the requirements of our State's lost note statute. As a result, U.S. Bank was permitted by law to enforce the note even though the note itself is lost. Accordingly, we affirm the trial court's order.
Facts and Procedural History
On 18 May 2006, Marge Iannucci obtained a loan from Novastar Mortgage, Inc. and executed a promissory note in the amount of $188,000.00. Ms. Iannucci, along with her husband, Michael Iannucci, contemporaneously executed a deed of trust securing the note with their personal residence located in Arden, North Carolina. The deed of trust included a power of sale clause, authorizing the lender to sell the residence in the event that the Iannuccis failed to make their required monthly payments on the loan.
On 20 March 2014, Novastar purportedly transferred the note to U.S. Bank. U.S. Bank later lost the transferred note.
In 2014, the Iannuccis stopped making their required monthly loan payments. On 2 April 2015, U.S. Bank began non-judicial foreclosure proceedings pursuant to N.C. Gen. Stat. § 45-21.16 by having the substitute trustee file a notice of foreclosure on the deed of trust.
On 8 September 2015, the matter came on for hearing before an assistant clerk of superior court. On 11 September 2015, the assistant clerk dismissed the special proceeding on the ground that U.S. Bank "did not prove that they are the holder of the Note."
U.S. Bank timely appealed to superior court. During the de novo hearing in superior court, U.S. Bank moved to enter into evidence two affidavits from Patrick Pittman, an employee of one of U.S. Bank's servicing agents. The Iannuccis objected to admission of the affidavits and moved to strike them. The trial court overruled the objection and admitted the affidavits.
On 3 February 2016, the trial court entered a written order permitting U.S. Bank to proceed with the foreclosure. The Iannuccis timely appealed to this Court.
Analysis
The Iannuccis raise two arguments on appeal. First, they argue that the trial court erred by admitting the two Pittman affidavits into evidence and denying their related motions to strike those affidavits. Second, they argue that there is insufficient evidence to support the trial court's finding that U.S. Bank is the holder of the note. As explained below, we reject these arguments and affirm the trial court.
I. Admission of Affidavits into Evidence
The Iannuccis first challenge the trial court's decision to admit the Pittman affidavits into evidence. We review a challenge to the admissibility of the contents of an affidavit for abuse of discretion. Supplee v. Miller-Motte Bus. Coll., Inc. , 239 N.C. App. 208, 225, 768 S.E.2d 582, 595 (2015).
The Iannuccis' argument is two-fold. First, they argue that Pittman's testimony concerning U.S. Bank's status as the holder of the note is inadmissible because it is a legal conclusion, not a statement of fact. Second, they argue that Pittman's testimony concerning Novastar's indorsement and transfer of the note to U.S. Bank is inadmissible hearsay because it was not based on personal knowledge.
Both of these arguments are precluded by controlling precedent from this Court. See In re Goddard & Peterson, PLLC , --- N.C. App. ----, ----, 789 S.E.2d 835, 844 (2016). First, with respect to the "conclusion of law" in the affidavit, In re Goddard & Peterson holds that an affiant's statement that the "petitioner is the holder of the Note" does not impact the affidavit's admissibility because that type of "legal conclusion" in an affidavit may simply be disregarded by the trial court. Id . at 844. Importantly, as explained below, the trial court made its ruling based on competent evidence in the affidavits, not based on this conclusory legal statement.
Second, with respect to the testimony concerning the transfer of the note, In re Goddard & Peterson holds that this type of testimony by an affiant is admissible if it satisfies the business records exception in Rule 803(6) of the Rules of Evidence. Here, the two affidavits track the language of that rule, stating that Pittman, an employee of the servicing agent for U.S. Bank, is familiar with the system that generates the records concerning note transfers; that entries in the system are made in the regular course of business at or near the time the transfer occurs; that the entries are made by employees of the company with personal knowledge of the transaction; and that it is the company's practice to record this information in the system. This testimony satisfies each portion of the test in Rule 803(6), and thus the trial court did not abuse its discretion in admitting these portions of the affidavits under the business records exception.
II. U.S. Bank's Authority to Proceed with Foreclosure
The Iannuccis next argue that the trial court's finding that U.S. Bank was the holder of the note was not supported by competent evidence. Again, we disagree.
In reviewing a trial court's order permitting foreclosure, this Court's "standard of review is whether competent evidence exists to support its findings of fact and whether the conclusions reached were proper in light of the findings." In re N.C. Deed of Trust , 217 N.C. App. 352, 354, 719 S.E.2d 207, 209 (2011). "[T]his Court has held that affidavits may be used as competent evidence to establish the required statutory elements in de novo foreclosure hearings." In re Goddard & Peterson, PLLC , --- N.C. App. at ----, 789 S.E.2d at 844.
A party seeking ... to proceed with a foreclosure pursuant to a power of sale contained in a deed of trust must prove the following statutory requirements: (1) the party seeking foreclosure is the holder of a valid debt, (2) default on the debt by the debtor, (3) the deed of trust provides the right to foreclose, (4) proper notice was given to those parties entitled to notice pursuant to section 45-21.16(b).
In re David A. Simpson, P.C. , 211 N.C. App. 483, 487, 711 S.E.2d 165, 169 (2011).
The Iannuccis contend that there was insufficient evidence to satisfy the first factor-that U.S. Bank was the holder of a valid debt. They argue that without producing the note, U.S. Bank failed to satisfy its burden to prove it was the holder of that note.
We reject this argument because U.S. Bank satisfied the test under our State's lost note statute. The General Assembly has created a process through which a person can prove the existence of a valid debt even if the original debt instrument is lost. See N.C. Gen. Stat. §§ 25-3-301, 25-3-309(a). Section 25-3-309 creates a three-part test to enforce a lost debt instrument like the note at issue here:
[a] person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
Id. § 25-3-309(a).
Applying this statute, the trial court made the following findings of fact in its order:
7. The original Note was lost while in possession of U.S. Bank; and
8. U.S. Bank was entitled to enforce the Note when loss of possession occurred; and
9. The loss of possession was not the result of a transfer by U.S. Bank or a lawful seizure; and
10. U.S. Bank cannot reasonably obtain possession of the instrument because its whereabouts cannot be determined[.]
These findings are supported by evidence in the record, including Pittman's second affidavit, entitled "Lost Note Affidavit," which addressed all three factors set forth in N.C. Gen. Stat. § 25-3-309(a) in detail with accompanying exhibits. We hold that this evidence is sufficient to support the trial court's findings and that those findings, in turn, support the trial court's conclusion that the note is enforceable under section 25-3-309(a). Accordingly, the trial court properly concluded that U.S. Bank is the holder of a valid debt and thus was permitted to proceed with foreclosure under the terms of the deed of trust.
Conclusion
We affirm the trial court.
AFFIRMED.
Report per Rule 30(e).
Chief Judge McGEE and Judge ELMORE concur.